UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x   Case No.:
A2B TRANSPORTATION, INC.

        Plaintiff,                                 **COMPLAINT**

        -against-

UNITED STATES OF AMERICA, FEDERAL BUREAU
OF INVESTIGATIONS, and US DEPARTMENT OF
JUSTICE
        Defendants.
------------------------------------------------------------------------x

    Plaintiff, A2B Transportation, Inc. by and through its counsel brings this action against the Defendants and alleges the following:

## JURISDICTION AND VENUE

1.    This is a civil action arising under certain provisions of federal law, including without limitations 28 USC § 1346(a)(2) ("Little Tucker Act") as part of the relief south is declaratory, 28 USC § 1356 granting original jurisdiction of any seizure under any law of the United States", 28 USC § 1355 based on original jurisdiction of any action for recovery or enforcement of any fine, penalty or forfeiture, and 28 USC § 2679, and because this action arises under the laws of the United States.

2.    Venue is proper pursuant to 28 USC § 1391(b)(2) because the substantial part of events giving rise to this claim occurred within the Southern District of New York and because all of the Defendants are located within the Southern District of New York.

## PARTIES

3.    Plaintiff A2B Transportation, Inc. ("A2B") is a business corporation formed and existing under the laws of the State of New York.

4.    Defendants are the United States of America ("USA"), the Federal Bureau of Investigation ("FBI") and the US Department of Justice ("DOJ").

## INTRODUCTION

1

5. This is a complaint seeking declaratory relief and return of $80,351.39 which was seized from A2B by the Defendants on August 13, 2020, bearing asset ID 20-FBI-005999, Notice Letter ID: 205476.  (Exhibit "A").

6. The seizure was a result of an investigation unrelated to the Plaintiff (Exhibit "B").

7. The majority of the funds seized by from the Plaintiff were rightfully obtained by the Plaintiff from the US Small Business Administration ("SBA") as an Economic Injury Disaster Loan ("EIDL") which is part of the relief bill enacted to assist businesses with COVID related problems.  The promissory note is attached as Exhibit "C".

8. Plaintiff submitted a timely petition for relief, early release, and compromise along with the supporting documentation and declaration from A2B's shareholder (Exhibit "D").

9. The DOJ subsequently rejected the early release (Exhibit "E") and thereafter refused to release the funds.

10. The DOJ is claiming that Plaintiff is not entitled to funds because the DOJ thinks they are not being properly used.

11. There is absolutely nothing wrong with how the Plaintiff uses funds and the Defendants have no statutory or contractual right to direct how private businesses operate.

12. Plaintiff is a single-shareholder NY corporation and is subject to NY laws holding that "When an individual is sole shareholder of a corporation, he or she is the equitable owner and, in the absence of an adverse effect upon the rights of creditors, may lawfully use the corporation's property in payment of or as security for his or her own personal debt, if so desired" Aglow v. Kent, 83 Ad 3d 747 (2nd Dept. 2011).

13. Regardless of all this, Defendants are holding a large portion of *unused loan funds* so even according to Defendants' improper and faulty logic, Plaintiff could not have done anything wrong with the funds since they were no used and certainly not obtained by any illegal activities.

14. Despite Plaintiff's effort to an offer of compromise as to the minimal sums in question, the Defendants refused to release the remainder of the funds.

15. The SBA has specific guidelines regarding use of funds and is the only agency with the authority to handle the EIDL loans.

16. Furthermore, the SBA Loan note (Exhibit "C") specifically authorizes what the loan proceeds should be used for and what the penalties are for misuse.

17. The SBA had and has no issues with Plaintiff's loan and the FBI/DOJ have no standing to enforce their own interpretation on how a private business is to be handled.

18. The original investigation resulting in a warrant has nothing to do with the Plaintiff nor the EIDL loan and therefore, this entire seizure and refusal to return the funds is a violation of due process and actually hurts the US economy since the loan is repayable with interest to the USA.

19. Detainment of funds will also cause severe injury to the Plaintiff as it is still for the loan and interest to the SBA.

20. The Government has a 90 day deadline to initiate a forfeiture proceeding established by the Civil Asset Forfeiture Reform Act ("CAFRA") 18 USC § 983(a)(3)(B).

21. The notice of seizure is dated October 8, 2020 and the 90 day period therefore expired at the end of January 6, 2021. This complaint is dated January 9, 2021 and to date, the Government has not instituted forfeiture proceedings or obtained any criminal indictment regarding the seized property nor the Plaintiff.

22. 18 USC § 983(a)(3)(B) states that the Government shall promptly release the property, and may not take any future action to the effect the civil forfeiture of such property.

23. Additionally, it is impossible for the Government to prove that the seized currency has anything to do with any illegal act or the fruit, instrumentality or evidence of illegal conduct since the funds seized were from an SBA EIDL loan.

**FIRST CAUSE OF ACTION – DECLARATORY JUDGMENT**

**(Pursuant to the Federal Declaratory Judgment Act: 28 USC § 2201)**

24. Plaintiff repeats and restates all prior paragraphs as if fully set forth herein.

25. 28 USC § 2201 allows a Court to declare the rights and other legal relations of any interested party seeking such a declaration, whether or not further relief is sought or could be sought in case of an existence of an actual controversy within its jurisdiction.

26. The investigation here focused on other entities/individuals and not on the Plaintiff.

27. Upon submission of the petition, the DOJ and the FBI could not impute any illegal conduct on the Plaintiff relevant to the investigation.

28. The funds belong to the Plaintiff as a result of a properly obtained SBA loan.

29. The DOJ/FBI refuses to release the funds without any basis.

30. The DOJ/FBI have no standing to interfere with the SBA nor modify any exclusive remedies prescribed by the SBA regarding the loan.

31. There exists an actual controversy as to whether the seizure was proper and whether detainment of funds by the DOJ/FBI is appropriate.

32. Plaintiff is entitled to return of the full amount of funds or at the very least, return of all unused funds from the EIDL loan since it would be impossible to do anything inappropriate as to those funds as they were not yet spent.

33. Plaintiff therefore seeks a judgment declaring that the seizure was improper and that detainment of funds is unauthorized, therefore, allowing Plaintiff to use the EIDL loan for its business.

**SECOND CAUSE OF ACTION – ILLEGAL EXACTION**

34. Plaintiff repeats and restates all prior paragraphs as if fully set forth herein.

35. 28 USC § 1346 (b) grants District Courts exclusive jurisdiction of civil actions and claims against the United States for money damages and loss of property caused by the negligent or wrongful act of any employee of the Government.

36. The initial warrant may have been proper and resulted in seizure of Plaintiff's funds.

37. Since the funds were obtained from the EIDL in form of a loan these funds could not have been related to any illegal activity since such activity occurred prior to Plaintiff's loan application.

38. Defendants were notified of this via the petition, declaration and supporting exhibits.

39. An illegal exaction involves the deprivation of property without due process of law, in violation of the Due Process Clause of the 5th Amendment of the Constitution..

40. Plaintiff was not and is not under any investigation and therefore, the ongoing deprivation of funds by the Defendants is an illegal exaction causing Plaintiff to sustain losses as it is unable to operate without the EIDL funds.

41. The FBI/DOJ has no standing to interfere with SBA's decision to grant the EIDL loan to the Plaintiff nor does it have standing to direct how the Plaintiff operates.

42. Accordingly, Plaintiff hereby seeks return of the funds illegally exacted by the Defendants.

### THIRD CAUSE OF ACTION – VIOLATION OF DUE PROCESS UNDER THE 5TH AMENDMENT

43. Plaintiff repeats and restates all prior paragraphs as if fully set forth herein.

44. The actions set forth above resulted in seizure and improper detainment of funds from the Plaintiff without any investigation, warrant, or due process.

45. The central meaning of procedural due process is clear in that the "Parties whose rights are to be affected are entitled to be heard" Fuentes v. Shevin, 207 US 67 (1972).

46. The Supreme Court also held that the hearing required by due process is subject to waiver, and is not fixed in form does not affect its root requirements that an individual be given an opportunity for a hearing before he is deprives of any significant property interest. Boddie v. Connecticut, 401 US 371 (1971).

47. According to the Defendants, Plaintiff's only options are: i). to waive rights to the funds although they were not even spent and be liable for the loan and interest, or ii). wait until the Government

comes up with some theory of liability and file suit against the Plaintiff to challenge the lean the Government already rightfully gave to the Plaintiff.

48. There is absolutely no basis for the Defendants to hold Plaintiff's EIDL loan nor decide which expenses are appropriate for the business to undertake.

49. The seizure of this property is warrantless and not a result of any investigation relevant to the Plaintiff and is therefore in violation of Plaintiff's 5th amendment rights.

50. Plaintiff therefore seeks an judgment finding that its due process rights were violated and an order directing return of funds.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests the following relief:

a. For the first cause of action, a judgment declaring that the seizure and detainment of Plaintiff's funds is improper and ordering return of $80,351.39 minus any minimal amounts this Court may deem to have been improperly used.

b. For the second cause of action, ordering the Defendants to return $80,351.39 to the Plaintiff.

c. For the third cause of action, finding that Plaintiffs rights were violated and ordering the Defendants to return $80,351.39 to the Plaintiff.

d. Any other and further relief this Court deems just and proper.

Dated: January 9, 2020.

_____

Lust & Leonov, P.C.
By: Roman Leonov, Esq.
Attorneys for the Plaintiff
75 Maiden Lane, #506
New York, NY 10038
212-518-1503
RLeonov@VaLeLawGroup.com